**08**      **1795**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

RYAN BENNETT

Plaintiff, *JOHNSON*     08 Civ

"ECF Case"

-against-

CITY OF NEW YORK, KINGS COUNTY DISTRICT
ATTORNEY'S OFFICE, NEW YORK CITY POLICE
DETECTIVE BASTEDENBECK (shield 2821), NEW
YORK CITY POLICE DETECTIVE MAUREEN DUNN
(shield# 2834), NEW YORK CITY POLICE DETECTIVE
CHARLES PLATT (shield # 1404) and POLICE OFFICERS
"JOHN DOES", names and first names being fictitious, true
names being unknown to Plaintiff

Defendants.

-------------------------------------------------------------------X

**COMPLAINT AND
DEMAND FOR JURY
TRIAL**

Plaintiff RYAN BENNETT, by his attorney, DANIELLE V. EADDY, complaining of the

Defendants, respectfully shows and alleges as follows:

## PRELIMINARY STATEMENT

**ONE:**      This is a civil rights action seeking damages for the false arrest, false

imprisonment and malicious prosecution of the Plaintiff, **RYAN BENNETT,** in violation of the

United States Constitution, the Civil Rights Act of 1871, and 42 U.S.C. §§ 1981 and 1983.

**TWO:**      On or about October 23, 2004 at approximately 4:40 A.M., the Plaintiff was

placed under arrest at the 70th police precinct located at 451 Clarkson Avenue, Brooklyn New York

as a result of an incident that took place on October 22, 2004 at approximately 9:30pm inside of

2420 Glenwood Road, Brooklyn, New York.  The Plaintiff was placed under arrest by Detective

Bastedenbeck of the 70th precinct, Shield No. 2821 and other members of the New York City Police Department acting under color of state law unjustifiably and without probable cause.   Said New York City Police Officers are agents and employees of the City of New York.

**THREE:**        As a result of said unlawful arrest, unlawful search and seizure, unlawful imprisonment and malicious prosecution, Plaintiff was seriously and permanently damaged.

**FOUR:**        Plaintiff seeks monetary damages, both compensatory and punitive, injunctive and declaratory relief in order to assure that the Plaintiff secures full and complete relief and justice for the violations of his rights under the law, costs, attorney's fees and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

**FIVE:**        This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983, 1985 and 1988.

**SIX:**        The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367, and the doctrine of pendent jurisdiction.

**SEVEN**:        The acts complained of occurred in the Eastern District of New York and venue is lodged in this Court pursuant to 28 U.S.C. §1391

**EIGHT:**        A written Notice of Claim to sue, as required by Section §50 (e) of the General Municipal Law of the State of New York, was personally served by Plaintiff upon the Defendants on March 15, 2007.

**NINE:**        At least 30 (thirty) days have elapsed since the demand or claim upon which this action is predicated was presented to the **CITY OF NEW YORK** for adjustment, and the City

has neglected and/or refused to make adjustment or payment thereof.

   **TEN:** This action is commenced within one year and ninety days after the cause of action accrued.

## **THE PARTIES**

   **ELEVEN:** The Plaintiff is a citizen of the United States of America residing in the State and City of New York, and the County of Kings. The Plaintiff is a twenty-seven year old African-American male.

   **TWELVE:**   Defendant City of New York (hereinafter "the City",) is a municipal entity which was created under the existing laws and Constitution of the State of New York. The Defendant City of New York is authorized and charged with maintaining a police department for the express purpose of protecting the welfare of those individuals who reside therein. Further, the defendant City was and continues to be responsible for the policy, practice, supervision, implementation and conduct of all matters within the New York City Police Department (hereinafter "NYPD") including but not limited to the training, supervision, and conduct of all NYPD personnel. The City is charged with ensuring that the NYPD personnel follow and carry out the laws of the United States and the State of New York.

   **THIRTEEN:**  Upon information and belief, at all times relevant to this complaint the individual Defendant **NEW YORK CITY POLICE DETECTIVE BASTEDEDNBECK**, shield #2821 (hereinafter **DETECTIVE BASTEDENBECK**), of the 70TH precinct in Brooklyn, New York, was and still is a New York City police officer employed by the Defendant **CITY OF NEW YORK.**

   **FOURTEEN:**  Upon information and belief, at all times relevant to this complaint the

individual Defendant **NEW YORK CITY POLICE DETECTIVE MAUREEN DUNN**, shield #

2834, (hereinafter **DETECTIVE DUNN**), of the Brooklyn South Homicide Task Force in Brooklyn,

New York, was and still is a New York City police officer employed by the Defendant **CITY OF**

**NEW YORK**.

      **FIFTEEN:**   Upon information and belief, at all times relevant to this complaint the

individual Defendant **NEW YORK CITY POLICE DETECTIVE CHARLES PLATT**, shield

#1404 (hereinafter **DETECTIVE PLATT**), of the 70TH precinct in Brooklyn, New York, was and

still is a New York City police officer employed by the Defendant **CITY OF NEW YORK**.

      **SIXTEEN:**   Upon information and belief, at all times relevant to this complaint the

individual Defendants **NEW YORK CITY POLICE OFFICERS "JOHN DOES"** (hereinafter

**P.O.'S JOHN DOES**) were and still are New York City police officers employed by the Defendant

**CITY OF NEW YORK**.

      **SEVENTEEN:**   That at all times hereinafter mentioned, the Defendant, **KINGS**

**COUNTY DISTRICT ATTORNEY'S OFFICE,** (hereinafter **KCDA**) was and still is a municipal

corporation duly organized and existing under the laws of the State of New York.

## JURY DEMAND

      **EIGHTTEEN:**        Plaintiff demands a trial by jury in this action.

## FACTUAL ALLEGATIONS

      **NINETEEN:**  On or about October 23, 2004 at approximately 4:40 a.m., at the 70th Precinct,

Brooklyn, New York, the Plaintiff RYAN BENNETT was illegally detained and arrested by

Detective Bastedenbeck, Detective Dunn, Detective Platt and P.O.'s "John Does", members of the

New York City Police Department, without probable cause to do so.

TWENTY:    Specifically, On or about October 22, 2004, at approximately 9:30 pm, the Plaintiff RYAN BENNETT was involved in an altercation with and individual by the name of Pierre Hargett (hereinafter "the victim,) a resident of his apartment building located at 2420 Glenwood Road, Brooklyn, NY. During said altercation, Plaintiff RYAN BENNETT was slashed and stabbed multiple times with a knife and forced to defend himself from this knife attack. As a result of said incident, unbeknownst to the Plaintiff, he inflicted a mortal injury upon Pierre Hargette who subsequently was pronounced dead upon arrival at the hospital that he was brought o for treatment.

TWENTY-FIRST:    Immediately after said incident, the Plaintiff went to a neighbors home and requested that said neighbor call the police and EMS to treat the Plaintiff for his wounds. Indeed, the Plaintiff remained at his neighbors home until both the police and EMS arrived and directed the police to the area where the victim was located.

TWENTY-SECOND:    Thereafter, the Plaintiff was transported to Kings County Hospital where he was treated for his injuries. Upon his arrival at Kings County Hospital he was handcuffed and placed under arrest. In addition, while the Plaintiff awaited treatment for the multiple slash wounds inflicted upon him by Pierre Hargett, he was questioned by the Defendant Officers herein. The Defendant Officers took statements from the Plaintiff although it was clear that he was not lucid and was in pain. It is undisputed that during said questioning, the Plaintiff repeatedly told the Defendant officers that he was the victim in this incident. At approximately 1:00 a.m. on October 23, 2004, Plaintiff RYAN BENNETT was taken from the hospital to the 70th precinct where he was photographed, fingerprinted, and put into a holding pen.

TWENTY-THIRD:    While at the 70th Precinct, despite the serious injuries sustained by the Plaintiff as a result of this incident and the obvious distress that the Plaintiff was in, the Plaintiff was

questioned multiple times by Detective Dunn, Detective Bastedenbeck, Det. Platt and other Police Officers.  During said questioning, the Plaintiff again repeatedly informed said officers that he was the victim with respect to this incident.

**TWENTY-FOURTH**:        Further, by the time the Plaintiff was officially placed under arrest, the Officer Defendants herein were in possession of information which clearly indicated that Pierre Hargett, the deceased herein, was not only the initial aggressor in this incident, but that the actions taken by the Plaintiff herein were in response to what the Plaintiff reasonably perceived to be the use of deadly physical force against him.   Clearly no probable cause to arrest the Plaintiff herein existed.

**TWENTY-FIFTH**:   Specifically, at the time of the Plaintiff's arrest, the Plaintiff was clearly the victim of life-threatening injuries to his head which were the determined to be slash wounds from a knife.   Indeed, the Plaintiff was bleeding so profusely that when the police arrived at the crime scene, a trail of the Plaintiff's blood from the crime scene to his neighbors house was in plain sight.

In addition, the Officer Defendants herein spoke to two alleged eyewitnesses whom both claimed to be present at the time of the incident and whom were both friends of the deceased herein. It is undisputed that prior to the arrest of the Plaintiff herein, the Officer Defendants herein learned that one of these witnesses, as the victim lay dying, had removed one of the knives used in this incident from the person of the deceased and thrown it under a car.   Clearly, this witness did not want the police to find said knife on the deceased.   No reasonable explanation was offered for the obvious tampering of a murder crime scene by this witness.

Further, said alleged eyewitness incredulously claimed that although they purported to see the entire altercation, that they never saw the deceased with a knife in his hand and had never seen the

deceased cut the Plaintiff with a knife. Moreover, these very same witnesses claimed that they viewed this incident while sitting on a car that Crime Scene photographs later revealed were not directly in front of the location of said incident. These same photographs clearly showed that it would have been impossible for these witnesses to have viewed said incident which took place inside of the vestibule of an apartment building from their vantage point.

In addition, these same witnesses told the Officer Defendants herein that the Plaintiff attempted to leave the building and avoid an altercation and that they saw the deceased block him from leaving the building and slamming the door shut.

**TWENTY-SIXTH**: As more fully outlined above, at the time of the Plaintiff's arrest, there were circumstances present which gave the Officer Defendants legitimate reason to doubt and question the veracity of the alleged eyewitnesses herein. Said doubts should have prompted the Officer Defendants to further investigate this case.

**TWENTY-SEVENTH**: The Officer Defendants did not have reasonably trustworthy information upon which to base an arrest of the Plaintiff upon. As such, probable cause did not exist to arrest, search, confine or prosecute the Plaintiff. Moreover, the Kings County District Attorney's Office, having the same information at their disposal, more than a year to investigate were well aware that there was a lack of probable cause to detain and keep the Plaintiff in custody.

**TWENTY-EIGHTH**: Indeed, upon information and belief, the Kings County District Attorney's Office personally reviewed the files in this case, the statements made and the forensic evidence and chose to continue the baseless prosecution of the Plaintiff. Tellingly, after having this case for more than one year, when the results of the DNA evidence in this case did not favor the Kings County District Attorney's Office, they sent back said evidence for further testing. Curiously, they failed to test perhaps one of the most important items in the case, the knife that was likely used

by the deceased herein and which a witness of theirs attempted to discard, for DNA evidence. They allowed a visual inspection for the presence of blood on this knife to suffice. Clearly, they were fearful that said testing would reveal the presence of the Plaintiff's blood on said knife just as Plaintiffs blood was found at and around the crime scene and on other items of evidence.

**TWENTY-NINTH:** The actions and conduct of these New York City Police Officers and the Kings County District Attorney's Office, though unlawful were taken in the course of their duties, functions and roles as police officers and were incidental to the otherwise lawful performance of their duties and functions as New York City police officers and as agents and employees of the City of New York.

**THIRTIETH:** The actions and conduct of the New York City police officers herein were as a direct result of the long-standing and on-going actions, conduct, policies, practices and customs of the Defendant City of New York. Such actions, conduct, policies, practices and customs have resulted in a culture and attitude as well as philosophy by both New York City police officers and the City of New York that the ends justifies the means. The existence of said customs and practices have been well documented through numerous civil rights actions filed against the City of New York.

**THIRTY-FIRST:** The policy and practice of the Defendant City of New York and the New York City Police Department includes arresting innocent persons in order to meet stated "productivity quotas" as stated by Deputy Commissioner Paul J. Browne on or about January 20,. 2006 through several media outlets. Said policy encourages New York City police officers to seek out and target certain individuals for arrests where no probable cause for arrest exists in order to generate arrest statistics. As such, police officers wrongfully and unlawfully deprive individuals of their civil rights by subjecting said individuals to unlawful and unjustified detentions.

**THIRTY-SECOND**: The actions of the New York County District Attorney's Office were as a direct result of the long-standing and on-going actions, conduct, policies, practices and customs of the Defendant City of New York as well as inadequate training within the District Attorney's Offices of the City of New York.

**THIRTY-THIRD:** Continued wrongful and unlawful behavior by members of the New York City Police Department including but not limited to illegal stops and illegal searches and seizure without probable cause are well known to the City of New York and routinely ignored and tolerated by the City of New York despite censure and notice from such agencies as the Civilian Complaint Review Board. As a result, it has become the custom, policy and practice of the New York City Police Department under color of the City of New York, to engage in these illegal practices.

**THIRTY-FOURTH:** These policies and practices disproportionately impact African-Americans and other persons of color whom because of their race and/or color are singled out and profiled for illegal stops, detentions and arrests.

**THIRTY-FIFTH:** The actions, conduct, policies, practices and customs described herein violated the Plaintiff's rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

**THIRTY-SIXTH:** These actions, conduct, policies and practices were the proximate cause of the injuries and damages suffered by the Plaintiff. But for the gross negligence, incompetence and/or maliciousness of the Defendants individually or vicariously by and through their agents, servants and/or employees, the Plaintiff, **RYAN BENNETT**, would not have endured this on-going nightmare.

**THIRTY-SEVENTH:** As a direct and proximate result of his unlawful detention,

search, arrest and malicious prosecution, the Plaintiff has been irreparably harmed and damaged. Specifically, the Plaintiff has suffered injuries and damages, including but not limited to, loss of physical liberty and freedom, pain and suffering, intentional and/or negligent infliction of emotional distress, harm, shame, humiliation, fear, anxiety, indignity, damage to reputation and credit as well as psychological pain and trauma and mental anguish.

**THIRTY-EIGHTH**: Plaintiff RYAN BENNETT endured physical violence during his incarceration at Riker's Island. He was physically assaulted by other inmates. Plaintiff RYAN BENNETT was struck with a cane under his left eye and still has scars from the incident. Plaintiff was also cut during his incarceration at Riker's Island and has scars on both of his wrists from said incidents.

**THIRTY-NINTH**:  Plaintiff RYAN BENNETT was subjected to a psychological evaluation after an altercation on Riker's Island. After the psychological evaluation, Plaintiff RYAN BENNETT was transferred to Mid-Hudson Forensics Center

**FORTIETH**:  Plaintiff RYAN BENNETT also endured emotional distress and harm due to his incarceration at Mid-Hudson Forensics Center. Plaintiff suffered from post traumatic stress, depression and paranoia during his incarceration. Specifically, Plaintiff RYAN BENNETT suffered from paranoid episodes of not trusting people and 'mumbling about snakes'. Plaintiff RYAN BENNETT was also forced to take medication such as Haldol and Welbutrin that had adverse effects on plaintiff such as loss of lucidity and an inability to sleep. Plaintiff RYAN BENNETT was incarcerated at Mid-Hudson Forensics Center for five months before being returned to Riker's Island.

**FORTY-FIRST**:      On January 31, 2007, Plaintiff RYAN BENNETT was acquitted in a few hours of  Murder in the Second Degree. He was not immediately released as there was a hold

stemming from his incarceration at Mid-Hudson.  Upon information and belief, the Plaintiff was released two days after his acquittal.

**FORTY-SECOND:**  Plaintiff RYAN BENNETT continues to suffer from depression, nightmares, and sleepless nights due to his incarceration.

**AS AND FOR A FIRST CAUSE OF ACTION
AGAINST ALL DEFENDANTS
"42 U.S.C. § 1983"**

**FORTY-THREE:**    That the plaintiff repeats and re-alleges the allegations contained in paragraphs **"FIRST"** through **"FORTY-SECOND"** of the complaint with the same force and effect as if fully set forth herein.

**FORTY-FOUR:**    That the aforesaid actions of the Defendants individually or vicariously by and through their agents, servants and/or employees by subjecting the Plaintiff to an unlawful arrest, unlawful detention, unlawful search and seizure of their person, unlawful imprisonment, and wrongful prosecution deprived the Plaintiff of rights, privileges, and immunities guaranteed to every citizen of the United States in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

**FORTY-FIVE:**    That the Defendants individually or vicariously by and through their agents, servants and/or employees subjected the Plaintiff to racially and/or national origin discriminatory treatment in violation of the Plaintiff's rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

**FORTY-SIX:** That the Defendants individually or vicariously by and through their agents, servants and/or employees acted in their individual and official capacities and within the scope of

their respective employments as members of the New York City Police Department and acted under pretense and color of state law. That said acts were beyond the scope of their jurisdiction, without authority of law, and an abuse of their powers.  Further, the Defendants individually or vicariously by and through their agents, servants and/or employees conspired with one another and acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

**FORTY-SEVEN**:    As a direct and proximate result of the actions of the Defendants individually or vicariously by and through their agents, servants and/or employees detailed above, the Plaintiffs suffered the damages alleged herein.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### "New York State Constitution, Art. I,§ 12"

**FORTY-EIGHT:**    That the Plaintiff repeats and re-alleges the allegations contained in paragraphs **"FIRST"** through **"FORTY-SEVEN"** of the complaint with the same force and effect as if fully set forth herein.

**FORTY-NINE:**    That the aforesaid actions of the individual Officer Defendants by subjecting the Plaintiff to an unlawful detention, unlawful search and seizure of their person, unlawful arrest, and assault and battery, deprived the Plaintiff of rights, privileges, and immunities guaranteed under the laws and Constitution of the State of New York, Article I, §12.

**FIFTY:**    That the Officer Defendants conspired with each other to deprive the Plaintiff of his constitutional rights as secured under the laws and Constitution of the State of New York, Article I, §12 and took several overt steps to further said conspiracy as more fully outlined above.

**FIFTY-ONE**: That the Officer Defendants subjected the Plaintiff to racially and/or national origin discriminatory treatment in violation of the Plaintiffs' rights as guaranteed under the laws and Constitution of the State of New York, Article I, §12.

**FIFTY-TWO**:        That the Officer Defendants acted in their individual and official capacities and within the scope of their respective employments as members of the New York City Police Department and acted under pretense and color of state law. That said acts were beyond the scope of their jurisdiction, without authority of law, and an abuse of their powers.  Further, the Officer Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of their constitutional rights secured under the laws and Constitution of the State of New York, Article I, §12.

**FIFTY-THREE**:        That the Defendant City of New York is responsible under State law claims for the actions and conduct of the Officer Defendants, as employees and agents of the City of New York, pursuant to the doctrine of <u>respondeat superior.</u>

**FIFTY-FOUR**:        As a direct and proximate result of the misconduct and abuse of authority detailed above, the Plaintiff suffered the damages alleged herein.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS "False Arrest and False Imprisonment"

**FIFTY-FIVE**:        That the Plaintiff repeats and re-alleges the allegations contained in paragraphs **"FIRST"** through **"FIFTY-FOUR"** of the complaint with the same force and effect as if fully set forth herein.

**FIFTY-SIX**:    By reason of the foregoing, the Plaintiff, **RYAN BENNETT**, was wrongfully

and illegally arrested, detained and imprisoned without privilege or probable cause to believe that a crime had been committed.

**FIFTY-SEVEN:** That the aforesaid actions of the Defendants individually or vicariously by and through their agents, servants and/or employees in subjecting the Plaintiff to arrest, detention and imprisonment was wrongful, unjustifiable, carried out without a valid warrant, without Plaintiffs' consent, without probable cause or reasonable suspicion, and in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

**FIFTY-EIGHT**: That throughout the relevant time periods, Plaintiff was unlawfully, wrongfully, and unjustifiably detained and deprived of their liberty and were conscious of said confinement, did not consent to said confinement, and said confinement was not otherwise privileged.

**FIFTY-NINE**: That all of the acts giving rise to this cause of action occurred without any fault or provocation on the part of the Plaintiff.

**SIXTY:** That the Defendants individually or vicariously by and through their agents, servants and/or employees acted knowingly, willfully, unreasonably, and were grossly reckless in their flagrant disregard for the Plaintiffs' rights, privileges, welfare and well-being.

**SIXTY-ONE:** That the Defendants individually or vicariously by and through their agents, servants and/or employees acted in their individual and official capacities and within the scope of their respective employments as members of the New York City Police Department and acted under pretense and color of state law. That said acts were beyond the scope of their jurisdiction, without authority of law, and an abuse of their powers. Further, the Defendants individually or vicariously by and through their agents, servants and/or employees acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of their constitutional rights secured under 42 U.S.C. § 1983, the

Fourth and Fourteenth Amendments of the United States Constitution, and Article 1, § 12 of the New York State Constitution, and New York State common law.

**SIXTY-TWO**:        That the Defendants, their officers, agents, servants, and employees were responsible for the false arrest and unlawful imprisonment of the Plaintiff. That the Defendant City of New York is responsible for the actions and conduct of the Officer Defendants, as employees and agents of the City of New York, pursuant to the doctrine of respondeat superior.

**SIXTY-THREE**:        As a direct and proximate result of the misconduct and abuse of authority detailed above, the Plaintiff suffered the damages alleged herein.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST DEFENDANT KINGS COUNTY DISTRICT ATTORNEY'SOFFICE
### "Malicious Prosecution"

**SIXTY-FOUR**:        That the Plaintiff repeats and re-alleges the allegations contained in paragraphs **"FIRST"** through **"SIXTY-THREE"** of the complaint with the same force and effect as if fully set forth herein.

**SIXTY-FIVE**:        That the aforesaid actions of the Defendant Kings County District Attorney's Office, individually or vicariously by and through their agents, servants and/or employees caused a false accusatory instrument to be filed against the Plaintiff, **RYAN BENNETT**.

**SIXTY-SIX**:        That the Defendant was tried and aquitted of all charges stemming form the filing of the accusatory instrument herein and that the criminal proceedings were favorably terminated.

**SIXTY-SEVEN**:        That the Defendant Kings County District Attorney's Office, individually or vicariously by and through their agents, servants and/or employees intended to

deprive the Plaintiff **RYAN BENNETT** of his constitutional rights under 42 U.S.C. §§ 1983 and 1985 and Article 1, § 12 of the New York State Constitution, and New York State common law.

**SIXTY-EIGHT:**     That the Defendants individually or vicariously by and through their agents, servants and/or employees acted knowingly, maliciously, willfully, unreasonably, and/or were grossly reckless in their flagrant disregard for the Plaintiff's rights, privileges, welfare and well-being.

**SIXTY-NINE:**     That the Defendant Kings County District Attorney's Office, their officers, agents, servants, and employees were responsible for the malicious prosecution of the Plaintiffs. That the Defendant City of New York is responsible for the actions and conduct of the Kings County District Attorney's Office, as employees and agents of the City of New York, pursuant to the doctrine of respondeat superior.

**SEVENTY:**   As a direct and proximate result of the misconduct and abuse of authority detailed above, the Plaintiff suffered the damages alleged herein.

### AS AND FOR A FIFTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
#### "Negligence"

**SEVENTY-ONE:**     That the Plaintiff repeats and re-alleges the allegations contained in paragraphs **"FIRST"** through **"SEVENTY"** of the complaint with the same force and effect as if fully set forth herein.

**SEVENTY-TWO:**     That the aforesaid actions of the Defendants individually or vicariously by and through their agents, servants and/or employees constitute negligence with respect to the Plaintiff in that the individual defendants owed a duty of care to the Plaintiff.

**SEVENTY-THREE:**       That the Defendants individually or vicariously by and through

their agents, servants and/or employees breached that duty of care by causing Plaintiff to be subjected to an unlawful arrest, detention, search and seizure, imprisonment and prosecution.

**SEVENTY-FOUR**:   Said injury occurred to Plaintiff without any fault or provocation on the part of Plaintiff.

**SEVENTY-FIVE**:   That the Defendants, their officers, agents, servants, and/or employees were responsible for the unlawful arrest, detention, search, and seizure, imprisonment and wrongful prosecution of the Plaintiff.

**SEVENTY-SIX**:   That the Defendants individually or vicariously by and through their agents, servants and/or employees intended to deprive the Plaintiff **RYAN BENNETT** of his constitutional rights under 42 U.S.C. §§ 1983 and 1985 and Article 1, § 12 of the New York State Constitution, and New York State common law.

**SEVENTY-SEVEN**: That the Defendants, their officers, agents, servants, and employees were responsible for the negligence towards the Plaintiff.  That the Defendant City of New York is responsible for the actions and conduct of the Officer Defendants, as employees and agents of the City of New York, pursuant to the doctrine of respondeat superior.

**SEVENTY-EIGHT**: That as a direct and proximate result of the unlawful conduct of the Defendants individually or vicariously by and through their agents, servants and/or employees described herein, the Plaintiffs suffered damages as alleged herein.

## AS AND FOR A SIXTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
### "Emotional Distress"

**SEVENTY-NINE**:   That the Plaintiffs repeat and re-allege the allegations contained in

paragraphs **"FIRST"** through **"SEVENTY-EIGHT"** of the complaint with the same force and effect as if fully set forth herein.

**EIGHTY:**    That the aforesaid actions of the Defendants individually or vicariously by and through their agents, servants and/or employees constitute intentional and/or negligent infliction of emotional distress on the Plaintiff and as a result of the conduct alleged herein, Plaintiff sustained serious emotional injuries.

**EIGHTY-ONE**:        That the Defendants individually or vicariously by and through their agents, servants and/or employees intended to deprive the Plaintiff **RYAN BENNETTE** of his constitutional rights under 42 U.S.C. §§ 1983 and 1985 and Article 1, § 12 of the New York State Constitution, and New York State common law.

**EIGHTY-TWO**:        That the Defendants, their officers, agents, servants, and employees were responsible for the unlawful stop and detention, search and seizure, arrest and prosecution of the Plaintiff which resulted in extreme emotional distress to the Plaintiff. That the Defendant City of New York is responsible for the actions and conduct of the Officer Defendants and the Kings County District Attorney's Office as employees and agents of the City of New York, pursuant to the doctrine of respondeat superior.

**EIGHTY-THREE:**    That as the proximate result of the aforesaid acts and omissions by the Defendants individually or vicariously by and through their agents, servants and/or employees the Plaintiff has sustained the damages alleged herein including but not limited to severe and extreme emotional distress.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## AGAINST DEFENDANT CITY OF NEW YORK
### "Negligent Hiring and Retention of
### Employment Services"

**EIGHTY-FOUR:**    That the Plaintiff repeats and re-alleges the allegations contained in paragraphs **"FIRST"** through **"EIGHTY-THREE"** of the complaint with the same force and effect as if fully set forth herein.

**EIGHTY-FIVE:**    That as the employer of the Defendant Officers and the Kings County District Attorney, the Defendant City of New York owed a duty of care to the Plaintiff to be free of violations of their statutory and constitutional rights at the hands of one of it's officers, employees, agents, or servants.

**EIGHT-SIX:**  That the Defendant City of New York owed a duty of care to the Plaintiff because a reasonable, prudent and careful person should have been able to anticipate that the injury that occurred to the Plaintiff herein or to others in a similar situation would be the likely result of the conduct described herein.

**EIGHTY-SEVEN:**    That upon information and belief, the Officer Defendants were unfit and incompetent for their positions and that the employees of the Kings County District Attorney were inadequately trained.

**EIGHTY-EIGHT:**    That the actions, conduct, policies, practices and customs of the Defendant City of New York were negligent and otherwise violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983 and Article 1, § 12 of the New York State Constitution, and New York State common law.

**EIGHTY-NINE:**    That upon information and belief, the Defendant City's negligence in

screening, hiring, training, disciplining and retaining the Officer Defendants as well as the employees of the Kings County District Attorney's Office handling the cases giving rise to this action was the proximate cause of the injuries to the Plaintiff.

**NINETY:** That upon information and belief, as a direct result of the Defendant City's negligent hiring and retention of the Officer Defendants as well as the employees of the Kings County District Attorney's Office handling the criminal cases giving rise to this action, the Plaintiff herein sustained serious, permanent, significant, and lasting physical and mental injury as well as loss of liberty.

**WHEREFORE**, Plaintiffs respectfully request judgment against the Defendants as follows:

1.      An order awarding compensatory and other damages against the individual defendants to Plaintiff, **RYAN BENNETT** in an amount to be determined at trial;

2.      An order awarding punitive damages against the individual defendants to Plaintiff, **RYAN BENNETT** in an amount to be determined at trial;

3.      An award of declaratory and injunctive relief as to this Court may seem just and proper;

4.      An Award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 1997 (e)(d) and

5.  Such other and further relief as this Court may deem just and proper.

Dated:  April 28, 2008
        Brooklyn, New York

Law Offices of Danielle V. Eaddy, LLC
**DANIELLE V. EADDY, ESQ. [DE-1592]**
26 Court Street, Suite 1400
Brooklyn, NY 11242
(718) 246-2500